**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LISA MARIE RISINGSUN,<br><br>Defendant. | CR 25-144-BLG-WWM-2<br><br><br>ORDER RESETTING TRIAL AND<br>SCHEDULING DEADLINES |

Defendant Risingsun appeared in open court before United States Magistrate Judge Timothy J. Cavan on April 28, 2026, for a change of plea hearing. Judge Cavan entered Findings and Recommendation in this matter on April 28, 2026. Neither party objected and, therefore, they are not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

This Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan recommended that the undersigned deny Ms. Risingsun's motion to change plea after she appeared before him pursuant to Federal Rule of

Criminal Procedure 11 and entered her plea of guilty to being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), as set forth in Count 4 of the Indictment filed against her. Judge Cavan found that the government's offer of proof did not set forth a factual basis to find that Defendant Risingsun was in possession of the subject firearms. (Doc. 65 at 1). Furthermore, Defendant Risingsun denied that she lived at the residence and shared the bedroom where the firearms were found. (*Id.*).

The Court finds no clear error in Judge Cavan's Findings and Recommendation (Doc. 65). Accordingly:

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendation are **ADOPTED IN FULL.**

Therefore, **IT IS HEREBY ORDERED** that Defendant Risingsun's motion to change plea (Doc. 54) is **DENIED.**

**IT IS FURTHER ORDERED:**

1.     The following schedule will govern all pretrial procedures in this case:

| | |
|---|---|
| Final Pretrial Conference: | June 22, 2026, at 8:30 a.m.<br>James F. Battin Courthouse<br>Billings |
| Trial Date: | June 22, 2026, at 9:00 a.m.<br>James F. Battin Courthouse<br>Billings |
| Expert Witness Disclosure<br>Deadline: | May 26, 2026 |

2

| | |
|---|---|
| Motion For Change of Plea Deadline: | June 8, 2026 |
| Jury Instructions, Trial Briefs, and Trial Notebook Deadline: | June 15, 2026 |
| Deadline for Notice of Intent to Use Real-Time, Present Evidence Electronically or Video Conferencing for Witnesses: | June 15, 2026 |
| Deadline for Defendant's Exhibits: | June 19, 2026 |
| Plea Agreement Deadline: | 48 Hours Prior to Change of Plea Hearing |

This schedule must be strictly adhered to by the parties.  Counsel should meet in the Judge's Chambers at 8:30 a.m. on the trial date for a Final Pretrial Conference. Unless specifically overridden by this Order, the December 11, 2025 Scheduling Order (Doc. 27) shall remain in full force and effect.

**IT IS FURTHER ORDERED** that the time between Defendant Risingsun's motion to change plea (Doc. 54) and this Order is excluded from the calculation of the speedy trial deadline, pursuant to 18 U.S.C. § 3161(h)(7)(D) and (G).

The Clerk of Court is directed to notify the parties of the making of this Order.

3

DATED the 18th day of May, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE